The Honorable Richard A. Jones

_____ FILED _____
_____ LODGED _____

**NOV 29 2022**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-080 RAJ |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| QUANDRE RESHAWN CRANSHAW, | |
| Defendant. | |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Jessica M. Manca of the Western District of Washington and Defendant Quandre Reshawn Cranshaw and Defendant's attorney Amy Muth enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).

1.     **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: Making a Material False Statement During

Plea Agreement - 1
*United States v. Cranshaw*, CR21-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a Firearm Purchase, as charged in Count 2, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense(s).** The elements of Making a Material False Statement During a Firearm Purchase are as follows:

*First*, Lynnwood Gun and Ammunition was a federally licensed firearms dealer;

*Second*, in connection with acquiring the following firearms from Lynnwood Gun and Ammunition, Defendant made a false statement;

| MAKE | MODEL | CALIBER | SERIAL NO. |
|---|---|---|---|
| TAURUS | G3C | 9MM | ACB500425 |
| GLOCK | 23 | 40 | BSLW730 |
| GLOCK | 29 | 10MM | BRZK434 |
| GLOCK | 27 | 40 | BPCG449 |
| GLOCK | 30 | 45 | BSMH541 |
| GLOCK | 43X | 9MM | BSMS148 |
| SMITH & WESSON | SD9 | 9MM | FCY8687 |
| TAURUS PT111 | G2C | 9MM | ABJ861981 |
| TAURUS PT111 | G2C | 9MM | ABE616397 |
| TAURUS PT111 | G2C | 9MM | ABG647794 |
| TAURUS PT111 | G2C | 9MM | ABG647509 |

*Third*, Defendant knew the statement was false; and

*Fourth*, the false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing Lynnwood

Plea Agreement - 2
*United States v. Cranshaw*, CR21-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Gun and Ammunition into believing that the firearms could be lawfully sold to the defendant.

3.    **The Penalties**. Defendant understands that the statutory penalties applicable to Making a Material False Statement During a Firearm Purchase, as charged in Count 2, are as follows: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100.00. If a probationary sentence is imposed, the probation period can be for up to 5 years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4.    **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 3
*United States v. Cranshaw*, CR21-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.   The right to plead not guilty and to persist in a plea of not guilty;

b.   The right to a speedy and public trial before a jury of Defendant's peers;

c.   The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.   The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.   The right to confront and cross-examine witnesses against Defendant at trial;

f.   The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.   The right to appeal a finding of guilt or any pretrial rulings.

5.   **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

Plea Agreement - 4
*United States v. Cranshaw*, CR21-080 RAJ

need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

On March 19, 2021, Quandre Cranshaw purchased the following firearms from Lynnwood Gun and Ammunition, a federally licensed firearms dealer (FFL) located in Lynnwood, Washington:

| MAKE | MODEL | CALIBER | SERIAL NO. |
|---|---|---|---|
| TAURUS | G3C | 9MM | ACB500425 |
| GLOCK | 23 | 40 | BSLW730 |
| GLOCK | 29 | 10MM | BRZK434 |

Plea Agreement - 5
*United States v. Cranshaw, CR21-080 RAJ*

| GLOCK | 27 | 40 | BPCG449 |
|---|---|---|---|
| GLOCK | 30 | 45 | BSMH541 |
| GLOCK | 43X | 9MM | BSMS148 |
| SMITH & WESSON | SD9 | 9MM | FCY8687 |
| TAURUS PT111 | G2C | 9MM | ABJ861981 |
| TAURUS PT111 | G2C | 9MM | ABE616397 |
| TAURUS PT111 | G2C | 9MM | ABG647794 |
| TAURUS PT111 | G2C | 9MM | ABG647509 |

In the process of acquiring these firearms, Cranshaw falsely answered "Yes" to question 21.a on Section B of the ATF Form 4473, which asked whether he was "the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)" and falsely reaffirmed in Section D of the ATF Form 4473 that his responses in Section B of that form were true, correct, and complete.

These statements were false because, as Cranshaw then and there knew, he was not the actual transferee/buyer of any of these firearms. Rather, he intended to purchase these firearms for other people, and other people had paid him to purchase these firearms on their behalf. The illegal practice of purchasing a firearm for another person to possess is commonly referred to as a "straw purchase."

Cranshaw's false statements were material because, as Cranshaw then and there knew, Lynnwood Gun and Ammunition would not sell these firearms to him if he truthfully answered "No" to question 21.a on the ATF Form 4473 or admitted that he was purchasing these firearms on behalf of other people. Cranshaw also knew that he was purchasing firearms for people who could not legally purchase or possess firearms themselves.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

Plea Agreement - 6
*United States v. Cranshaw*, CR21-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8.    **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    A base offense level of 14 is applicable, pursuant to U.S.S.G. § 2K2.1(a)(6), because Defendant committed the offense with knowledge, intent, and reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person;

b.    A 4-level enhancement is applicable, pursuant to U.S.S.G. § 2K2.1(b)(1)(B), because the relevant offense conduct involved at least 11 firearms.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 7
*United States v. Cranshaw*, CR21-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.    **Recommendation Regarding Imprisonment.** The government will recommend a sentence no higher than 24 months of imprisonment. Defendant is not bound by this recommendation.

Defendant understands that neither party's recommendation is binding on the Court and that the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.   Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

11.    **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and ammunition that were involved in his commission of the crime of Making a Material False Statement During a Firearm Purchase.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, that may be initiated.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any

Plea Agreement - 8
*United States v. Cranshaw*, CR21-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

interest or control, if that property constitutes firearms or ammunition involved in his commission of Making a Material False Statement During a Firearm Purchase.

12. **Abandonment of Contraband.** Defendant agrees that, if any federal law enforcement agency seized any illegal contraband that was in his direct or indirect control, he consents to the federal administrative disposition, including destruction, of that contraband. Defendant also recognizes that, as a convicted felon, it is illegal for him to possess firearms. Therefore, Defendant also abandons any interest he may have in any firearms that were seized by federal law enforcement and consents to their federal administrative disposition, official use, and/or destruction.

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and will move to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

Plea Agreement - 9
*United States v. Cranshaw*, CR21-080 RAJ

Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

15.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

     a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

     b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 11
*United States v. Cranshaw*, CR21-080 RAJ

18.    **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 29th day of November, 2022.

QUANDRE R. CRANSHAW
Defendant

AMY MUTH
Attorney for Defendant

JESSICA M. MANCA
Assistant United States Attorney

TODD L. GREENBERG
Assistant United States Attorney

Plea Agreement - 12
*United States v. Cranshaw*, CR21-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970